Hoestadter, J.
(dissenting). I agree with the view of my brethren that the receipt, if intended to embody a complete oral agreement, is sufficient, but for the absence of the plaintiff’s signature. It seems to be, however, that the plaintiff’s failure to sign the paper is, of itself, a most significant circumstance. The plaintiff testified most explicitly, that he would not sign unless his lawyer was present. The defendant Vincent Serino, too, testified he told the plaintiff “ Whenever you are ready, we have to get the papers drawn by lawyers.” The trial court credited the plaintiff’s testimony and on the strength of it found, as he well might, that “ the negotiations between the parties were subject to a further meeting with the lawyers ”. In this view, the plaintiff, at least, intended that the receipt, whatever its contents, should have no vitality as a contract and that no contract should come into being until the parties had concluded one formally with the intervention of their attorneys. The court found as a fact that the plaintiff paid the $1,500 as a deposit “in contemplation of a contract subsequently to be made.” The plaintiff’s testimony, coupled with his refusal to sign, supports the finding, which justifies the plaintiff’s recovery. I see no incongruity in a party’s refusal to commit himself contractually to a paper until his lawyer has passed on it. That is what the court found the plaintiff did here.
It is the function of the trial court to expose and find the facts. We may not in the proper exercise of our limited power of review of the facts retry the case. That an appellate court would have reached a different result on the facts is no valid ground for discarding that reached below. I therefore, dissent.
Aurelio and Tilzer, JJ., concur in Per Curiam opinion ; Hoestadter, J., dissents in opinion.
Judgment reversed, etc.